﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 190319-7727
DATE: August 29, 2019

ORDER

Entitlement to service connection for a psychiatric disorder, to include posttraumatic stress disorder (PTSD), is denied. 

FINDING OF FACT

The preponderance of the evidence is against a finding that the Veteran has a current diagnosis of PTSD or any other psychiatric disorder under the Diagnostic and Statistical Manual of Mental Disorders 4th Edition (DSM-IV) of 5th Edition (DSM-5). 

CONCLUSION OF LAW

The criteria for entitlement to service connection for a psychiatric disorder, to include PTSD, have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the U.S. Air Force from June 1964 to June 1984. The Veteran declined a hearing in this case. 

The October 2018 rating decision on appeal denied service connection for PTSD on the merits. In this rating decision, the RO noted the September 2010 rating decision, which had previously denied service connection for PTSD. Thus, the Agency of Original Jurisdiction (AOJ) found that new and relevant evidence had been received. The Board will thus adjudicate the claim on the merits.

Service Connection—Generally

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d, 1362, 1366 (Fed. Cir. 2009). 

The Board has thoroughly reviewed all the evidence in the Veteran’s claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, each piece of evidence of record. The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, regarding the Veteran’s claim on appeal. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000).

1. Entitlement to service connection for PTSD 

The Veteran asserts that he has a current diagnosis of PTSD that is related to his experiences in Vietnam. 

After thoroughly reviewing the evidence of record, the Board finds that the preponderance of the evidence is against the claim for service connection for a psychiatric disorder, to include PTSD. The reasons follow.

Specifically, the preponderance of the evidence is against a finding that the Veteran has a diagnosis of a psychiatric disorder that conforms to DSM-IV or DSM-5 for VA compensation purposes, which is a requirement for entitlement to service connection for a psychiatric disorder. For example, in an August 2010 VA examination report, the examiner concluded that the Veteran did not have a diagnosis of PTSD, which conformed with DSM-IV criteria. The examiner also concluded that the Veteran did not have another mental disorder that conformed with DSM-IV criteria. 

The Veteran was examined again in March 2018, and that VA examiner concluded that the Veteran did not meet the DSM-5 criteria for any mental health condition, including PTSD. The examiner reasoned that there was no corroborative clinical evidence of PTSD symptoms or a medical history that would support the diagnosis of PTSD occurring while the Veteran was on active duty, as service treatment records are silent for diagnosis of or treatment for PTSD during service. The examiner explained that while the Veteran’s post service medical records document treatment for PTSD symptoms including irritability, depression, anxiety, and problems with sleep, he had not participated in treatment services since 2013, for approximately the last five years. 

Thus, there are two opinions by mental health specialists who concluded that the Veteran did not have a current diagnosis of PTSD or any other psychiatric disorder. 

The Board is aware of a November 2011 Intake Assessment at the Vet Center by a family therapist (licensed professional counselor), wherein the licensed professional counselor concluded that the Veteran met the criteria for a diagnosis of PTSD. However, VA regulations require that where the stressor is related to the Veteran’s fear of hostile military or terrorist activity, a PTSD diagnosis and nexus must be rendered by a VA psychiatrist or psychologist. 38 C.F.R. § 3.304(f)(3). The Board therefore affords no probative value to the Veteran’s assertions of a PTSD diagnosis rendered by a licensed professional counselor.

The Board is also aware of the June 2013 screening for PTSD and depression, which both showed positive screens. However, the Board finds that these positive screens are outweighed by the findings of the March 2018 VA examiner and the subsequent denials of these same symptoms during VA treatment. For example, the Veteran denied experiencing depression, anxiety, or unusual stress during a December 2013 treatment visit later that same year, and subsequent screenings for PTSD and depression in May 2014 and August 2015 were negative. More importantly, the March 2018 VA examiner had reviewed all of the evidence of record, including the June 2013 positive PTSD and depression screens (the examiner documented these positive screens in the examination report) and concluded that the Veteran did not meet the criteria for a diagnosis of PTSD or a diagnosis of another psychiatric disorder and provided an explanation for the conclusions he reached. A positive PTSD screen is not a diagnosis of PTSD under the DSM.

The Board has also reviewed service treatment records and personnel records for treatment for or a diagnosis of PTSD or any other psychiatric disorder in service and finds that the preponderance of the evidence is against in-service psychiatric symptoms. Specifically, the Veteran’s October 1982 Report of Medical Examination shows that his psychiatric condition was clinically normal. The Board further notes that the Veteran’s psychiatric condition was noted to be clinically normal at every Report of Medical Examination conducted during the Veteran’s period of service (June 1964, August 1970, September 1971, September 1974, August 1975, August 1976, July 1977, October 1979, and September 1980). June 1964, July 1964 and September 1971 Reports of Medical History show that the Veteran denied depression or excessive worry, frequent trouble sleeping, and nervous trouble of any sort. The Board accords high probative value and credibility to these documents, as they were completed contemporaneously with service. Thus, the Board finds that the preponderance of the evidence is against in-service incurrence of psychiatric symptoms.

While the Veteran is competent to report symptoms, lay assertions do not constitute a competent clinical diagnosis of PTSD or another psychiatric disorder. See 38 C.F.R. § 3.159(a)(1). The August 2010 and March 2018 VA examiners made specific findings that the Veteran does not have a diagnosis of PTSD or another psychiatric disorder, which conformed to the DSM that existed at the time of the examination. In the absence of a qualifying diagnosis of a psychiatric disorder, to include PTSD, which conforms to DSM-IV or DSM-5, service connection for a psychiatric disorder, including PTSD, cannot be established. See 38 C.F.R. §§ 3.304(f), 4.125(a). As discussed above, the Board affords no probative value to the opinion of the Veteran’s licensed professional counselor, as VA regulation requires that when a stressor is related to the Veteran’s fear of hostile military or terrorist activity, a PTSD diagnosis and nexus must be rendered by a VA psychiatrist or psychologist. In this case, there has been no diagnosis of PTSD or any other psychiatric disorder by either a VA psychiatrist or psychologist.

Further, the evidence of record does not show that the Veteran’s psychiatric symptoms amount to a functional impairment of earning capacity. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018).

Thus, for all the reasons described above, the preponderance of the evidence is against the claim for service connection for a psychiatric disorder, to include PTSD. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine does not apply, and the claim is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Caruso, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.